1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Janette B McAuley, | No. CV-20-01335-PHX-DJH |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Janette McAuley's Application for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") disability benefits by the Social Security Administration (SSA) under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 14). Defendant SSA filed an Answering Brief and a Motion to Remand for a new hearing (Doc. 17) and Plaintiff filed a Reply (Doc. 18). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 13), and it reverses the Administrative Law Judge's ("ALJ") decision (AR at 13–33) and remands this matter for further proceedings.

**I.  Background**

Plaintiff filed an Application for SSDI benefits on October 1, 2018, and an Application for SSI benefits on October 24, 2018, alleging a disability onset date of March 9, 2017. (AR at 287-93; 294-300). Plaintiff's claim was initially denied on December 26, 2018, and upon reconsideration on May 17, 2019. (*Id.* at 83-86; 133-36). A hearing was

held before ALJ Kathleen Mucerino on November 5, 2019. (*Id*. at 42-82). Plaintiff's claim was denied by the ALJ on December 16, 2019. (*Id*. at 13-41). On May 8, 2020, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (*Id*. at 1–6).

**A.     Medical Evidence**

It is clear from the voluminous medical record that Plaintiff has dealt with a number of serious medical issues, beginning with Plaintiff's breast cancer diagnosis in March 2017. (AR at 489-90, 4043). Plaintiff received both chemotherapy (AR at 519, 2440, 4043-44) and radiation treatment in 2017 and 2018 (AR at 2444, 2461, 4044). In July 2017, Plaintiff experienced kidney and gastric issues requiring three separate hospitalizations, and was diagnosed with hydronephrosis, neoplasm, hematuria, pyelonephritis, leukopenia, and a gastric ulcer. (AR at 779-81, 957, 1039, 709, 4043-44).

In September 2017, Plaintiff underwent a bilateral mastectomy and reconstruction surgery. (AR at 1222). Plaintiff experienced a left breast hematoma complication that required additional surgery two days later. (AR at 1223, 1226, 4043). After the surgeries, Plaintiff denied any fatigue, weakness, or pain. (AR at 1106-07). Plaintiff's treating oncologist, Dr. Singh, indicated in his treatment notes that Plaintiff was able to carry out light or sedentary work, such as light housework or office work (AR 1107).

In early October 2017, Plaintiff was hospitalized for four days and diagnosed with sepsis, left breast cellulitis, stage four breast cancer, post chemotherapy and bilateral mastectomy implants, peptic ulcer disease, and a history of recurrent urinary tract infections. (AR at 1135, 1152, 1195, 1197). In November 2017, Plaintiff was hospitalized for an additional four days with bilateral flank pain and a urinary tract infection. (AR at 1304).

In April 2018, Plaintiff wrecked her motorcycle. (AR at 1613). Thereafter, Plaintiff generally had a normal gait, normal strength, and moved all extremities well, but had decreased hip, low back, and neck range of motion and tenderness to palpation in those areas. (AR at 2644, 4046, 4176, 4283-84, 3865-66). From July 31, 2018 through August 14, 2018, Plaintiff received daily hyperbaric treatment in preparation for additional breast

reconstruction surgery, which occurred on August 23, 2018. (AR at 2654).

In October 2018, Plaintiff intentionally overdosed on pain medication and was hospitalized for four days. (AR at 2663, 2690). McAuley's examining psychologist, Dr. Leslie Montijo-Tai, opined that the overdose was a suicide attempt and that Plaintiff had an unspecified depressive disorder. (AR at 3722). In January 2019, Plaintiff was hospitalized for four days after experiencing symptoms consistent with opioid dependence and withdrawals. (AR at 3735-36). Plaintiff had another breast surgery in March 2019. (AR at 4014).

In December 2018, state agency medical consultant Howard Platter, M.D. concluded Plaintiff could perform the demands of a reduced range of light work. (AR at 88-98, 105-07). In May 2019, a second state agency medical consultant, M. Johnson, M.D., reviewed the record and also concluded that Plaintiff could perform the demands of light work. (AR at 138-53, 161-63). In a September 2019 clinic visit note, Dr. Singh stated that Plaintiff's neuropathy had resolved and that Plaintiff could perform light or sedentary work, such as light housework and light office work, but not physically strenuous activity. (AR at 4046). That same month, Dr. Singh completed a medical assessment form which identified contradictory functional limitations and suggested Plaintiff lacked the physical capacity for any work as of her March 2017 disability onset and through the remainder of her life. (AR at 4160-62). In November 2018, Plaintiff's son reported that Plaintiff needed help getting dressed but otherwise had no issues with personal care and that she could walk for only 10 to 30 minutes and that she used a walker, wheelchair, and cane. (AR at 376-83).

**B.     ALJ's Decision**

At the time of the hearing, Plaintiff was 46 years old and has previous relevant work experience as a vocational instructor, caregiver, and retail sales representative. (AR at 74-76). Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: chronic pain syndrome, peripheral neuropathy in the left shoulder and lower extremities due to chemotherapy, spinal stenosis

at L4-5, breast cancer, status post double mastectomy and radiation/chemotherapy residuals. (*Id*. at 18). The ALJ determined Plaintiff could meet the demands of light work as defined in agency regulations, which require a worker to be on her feet six hours out of an eight-hour day and lift up to 20 pounds throughout an eight-hour day. The ALJ limited this definition and found that "[i]n an 8-hour workday with normal breaks, she can occasionally lift and or carry up to 20 pounds and frequently up to 10 pounds, stand and or walk for a total of about 6 hours and sit for a total of about 6 hours." (*Id.* at 21). At step four of the sequential analysis, the ALJ found Plaintiff could return to her past relevant work as a vocational instructor or as a retail salesperson. (*Id.* at 31).

In concluding that Plaintiff could meet the demands of light work, the ALJ found Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms was not entirely consistent with the medical evidence, assigned little weight to the opinion of Plaintiff's treating oncologist, Dr. Singh, and rejected the testimony of Plaintiff's son. (AR at 13-41). Therefore, Plaintiff's Applications for SSDI and SSI benefits were denied. The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties.

**II.     Legal Standards**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954

(9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. Analysis

Plaintiff argues the ALJ erred by rejecting opinions from Plaintiff's treating oncologist, Dr. Singh, MD. Plaintiff also argues the ALJ erred by rejecting her symptom testimony and the testimony of her son, a lay witness, without a legitimate basis for doing so. (Doc. 14 at 2). Plaintiff contends that the ALJ "fails to identify any specific records contrary to" her symptom testimony, such as difficulty using her left arm and her inability to sit or stand for long periods and lift more than five to ten pounds. (Doc. 14 at 17). Plaintiff contends the Court should credit her testimony and the opinions of Dr. Singh as true, and remand her case for computation and award of benefits. *Id.* Defendant agrees with Plaintiff that the ALJ's reasons for discounting her symptom testimony are deficient, and requests remand on that basis. Defendant is opposed to the Court remanding for an

award of benefits, arguing that there are outstanding issues that must be resolved before a disability determination can be made, and therefore that remand for a new hearing is required. (Doc. 17 at 13).

As Defendant agrees the ALJ committed legal error, the only issue for the Court on appeal is whether to remand for additional administrative proceedings or for an award of benefits.

### A. Applicable Law

The decision whether to remand a case for additional evidence or for an award of benefits is within the discretion of the court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)); *see also Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) (holding that the district court must first assess whether there are outstanding issues requiring resolution before determining whether evidence should be credited as a matter of law).

The Ninth Circuit applies the "credit-as-true" rule, allowing courts to remand for benefits without additional administrative proceedings when: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020; see also *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Smolen*, 80 F.3d at 1292. However, "no matter how egregious the ALJ's errors may be . .

. a claimant is not entitled to benefits under [the Social Security Act] unless the claimant is, in fact, disabled." *Strauss v. Comm'r of Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "The touchstone for an award of benefits is the existence of a disability, not the agency's legal error." *Brown-Hunter v. Colvin,* 806 F.3d 487, 495 (9th Cir. 2015).

Therefore, the credit-as-true rule is not absolute, and a court must "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014); *see also Burrell v. Colvin,* 775 F.3d 1133, 1141 Cir. 2014) ("we need not determine whether the three preliminary requirements are met because, even assuming that they are, we conclude that the record as a whole creates serious doubt as to whether Claimant is, in fact, disabled").

**B. Analysis**

As an initial matter, Defendant acknowledges that the ALJ committed legal error in rejecting Plaintiff's symptom testimony. (Doc. 17). The Court agrees. The ALJ found that the objective medical evidence was inconsistent with the limitations Plaintiff described, but did not identify any specific records contrary to Plaintiff's testimony regarding her limitations. (AR at 22-24). This constitutes reversible error. *See Garrison v. Colvin*, 759 F.3d 995, 1014-1015 (9th Cir. 2014) ("The ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."). Because the parties agree that the ALJ erred, the Court need only focus on whether the appropriate remedy is one of remand for a new hearing or for an award of benefits.

Plaintiff argues that the extensive record in her case demonstrations that she is unable to perform any work, and remanding for an award of benefits is the only option. (Doc. 14). While the Court agrees that Plaintiff has several severe medical impairments and a history of extensive treatment, the record is not clear that her conditions would preclude all employment. *See* 20 C.F.R. § 404.1505(a) (To establish disability under the Social Security Act, a claimant must prove that she is unable to perform any substantial

gainful activity because of a medically determinable physical or mental impairment).

The Court notes that the administrative record in this matter is voluminous, spanning nearly 5,000 pages. However, the length of the medical record alone does not lead to a conclusion that Plaintiff is disabled. Rather, there is evidence to suggest that Plaintiff's impairments would not preclude her from performing all work. For instance, Dr. Singh, who in addition to opining that Plaintiff would be precluded from performing any work for the rest of her life, also opined multiple times that Plaintiff could perform light or sedentary work. (AR at 1107, 1125, 1128, 2444, 2477, 2484, 2531, 2549, 2552, 2556, 2582, 2589, 2595, 2602, 4046, 4232). Moreover, in March 2019, Plaintiff stated that her pain was well controlled and she felt exceptionally well after completing chemotherapy and radiation. (AR at 26, 4106, 4175). In September 2019, Plaintiff travelled by plane from Arizona to Wisconsin to visit a friend. (AR at 4044). On this record, based on the inconsistent findings in the medical record as a whole as to the Plaintiff's ability to perform work, the Court cannot say that the ALJ would be required to find the claimant disabled on remand when taking the improperly rejected testimony and evidence as true.

Here, the Court finds that it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. The Court finds that a better evaluation of the medical evidence and resulting limitations is necessary before a proper determination of Plaintiff's disability can be made. The ALJ must give proper weight to the opinions of Dr. Singh, or provide the required basis for discounting his opinions. Moreover, the ALJ's evaluation of Plaintiff's symptom testimony and the lay witness testimony must be reconsidered and analyzed under the pertinent standards, making findings about Plaintiff's allegations that are properly supported by the record and sufficiently specific enough to ensure a reviewing court that she did not "arbitrarily discredit" a claimant's subjective testimony. Therefore, the Court, in its discretion, finds that additional proceedings are necessary.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Remand (Doc. 17) is **GRANTED**

and the decision of the Commissioner is **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including a new administrative hearing, to allow the Commissioner to further evaluate the medical opinion of Dr. Singh, reevaluate Plaintiff's residual functional capacity in light of the reevaluation of the medical opinions, reevaluate Plaintiff's symptom testimony and the lay witness testimony, and issue a new decision.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated this 9th day of July, 2021.

Honorable Diane J. Humetewa
United States District Judge